UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERLYNN MACDONALD,

       Plaintiff,                    CIVIL ACTION NO. 12-12048

       v.                             DISTRICT JUDGE DENISE PAGE HOOD

                                       MAGISTRATE JUDGE MARK A. RANDON

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT (DKT. NOS. 8, 12)**

Plaintiff Cherlynn Macdonald challenges the Commissioner of Social Security's ("Defendant") final denial of her benefits application. Cross motions for summary judgment are pending (Dkt. Nos. 8, 12). Judge Denise Page Hood referred the motions to this Magistrate Judge for a Report and Recommendation (Dkt. No. 2).

### I.    RECOMMENDATION

Because substantial evidence supports the Administrative Law Judge's ("ALJ") decision, **IT IS RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, Defendant's motion for summary judgment be **GRANTED**, and the case be **AFFIRMED**.

### II.    DISCUSSION

#### A.   *Framework for Disability Determinations*

Under the Social Security Act (the "Act"), Disability Insurance Benefits and Supplemental Security Income are available only for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability," in relevant part, as the inability to engage in any substantial gainful activity by reason of any medically determinable

-1-

physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*See* 20 C.F.R. §§ 404.1520, 416.920; *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps . . . . If the analysis reaches the fifth step without a finding that the claimant is disabled, the burden transfers to the [Commissioner]." *Preslar v. Sec'y of HHS*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### B.  *Standard of Review*

This Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited such that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial

evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted); *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009) ("[I]f an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses") (internal quotation marks omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks omitted); *see also Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted) (explaining that if the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion"); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts" (internal quotation marks omitted)).

When reviewing the Commissioner's factual findings for substantial evidence, this Court is limited to an examination of the record and must consider that record as a whole. *See Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007); *Wyatt v. Sec'y of HHS*, 974 F.2d 680, 683 (6th Cir. 1992). The Court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston*, 245 F.3d at 535. There is no requirement, however, that either the ALJ or this Court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party") (internal quotation marks omitted). Further, this Court does "not try the

case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass*, 499 F.3d at 509; *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant").

## III.   REPORT

### A. *Administrative Proceedings*

Plaintiff applied for supplemental security income and disability insurance benefits on June 26, 2009, alleging she became disabled on May 20, 2009 (Tr. 19). After the Commissioner initially denied Plaintiff's application, she appeared with counsel on December 15, 2010 for a hearing before ALJ Andrew G. Sloss, who considered the case *de novo* (Tr. 32). In a written decision, the ALJ found Plaintiff was not disabled (Tr. 19-25). Plaintiff requested an Appeals Council review (Tr. 14). On April 24, 2012, the ALJ's decision became the final decision of the Commissioner when the Appeals Council declined further review (Tr. 1-3).

### B. *ALJ Findings*

Plaintiff was 41 years old on her disability onset date in 2009 (Tr. 24). She completed some college, and has past relevant work as a direct care worker (Tr. 24, 33). The ALJ applied the five-step disability analysis to Plaintiff's claim and found at step one that she had not engaged in substantial gainful activity since her disability onset date in May of 2009 (Tr. 21).

At step two, the ALJ found that Plaintiff had the following "severe" impairment: degenerative disc disease[1] (Tr. 21).

At step three, the ALJ found no evidence that Plaintiff's impairments met or medically equaled one of the listings in the regulations (Tr. 21-22).

---

[1] Degenerative disc disease is a spinal condition caused by the breakdown of your intervertebral discs." *See* http://www.mayfieldclinic.com/PE-DDD.htm (last visited May 16, 2013).

Between steps three and four, the ALJ found that Plaintiff had the Residual Functional Capacity ("RFC") to perform:

> light work . . . except that [Plaintiff] may occasionally climb ramps and stairs, but may never climb ladders, ropes or scaffolds; [Plaintiff] may frequently balance, stoop, crouch, kneel and crawl.

(Tr. 22).

At step four, the ALJ found that Plaintiff could not perform her past relevant work as a direct care worker (Tr. 24).

At step five, the ALJ found Plaintiff was not disabled, because she could perform a significant number of jobs available in the national economy (Tr. 21).

### C.  Administrative Record

#### 1.  Plaintiff's Hearing Testimony and Statements

Plaintiff testified that she stopped working because she had numbness in her hands and constant neck pain (Tr. 34-36). Plaintiff was ultimately diagnosed with degenerative disc disease (Tr. 34). Plaintiff testified that her symptoms have gradually become worse; she had a cervical fusion in December of 2009, which alleviated "some" of the pain. (Tr. 34-36)

Plaintiff has to turn her entire upper body in order to turn her head (Tr. 35). Plaintiff also testified that the numbness in her arms and hands "just comes and goes" (Tr. 35). Plaintiff takes antidepressants "because [she] can't keep [her] moods level," and Vicodin and Valium when she gets "shook up " (Tr. 35). As a result of Plaintiff's medications, she reports feeling "[g]roggy" (Tr. 38). Plaintiff's impairments affected her memory and concentration (Tr. 39).

Plaintiff testified that her ability to do housework is "limited"; she can stay on her feet for approximately 10 to 15 minutes at a time, and she can sit for approximately one hour at a time (Tr. 37). Plaintiff can drive, but only small distances because of the recurring numbness in her

arms and legs (Tr. 34). This numbness also occasionally makes it difficult for Plaintiff to hold things in her hands and use a keyboard (Tr. 37).

Plaintiff has trouble sleeping, and generally has no energy during the day (Tr. 38). She takes one to two 20 to 30 minute naps a day; lying on her back is her most comfortable position (Tr. 38). Plaintiff reported that she moved her bedroom from the second floor of her house to the first floor so that she would not have to take the stairs every time she needed to lie down, which she needs to do "several times throughout the day" (Tr. 39).

### 2. Vocational Expert

The ALJ asked a vocational expert ("VE") to assume a hypothetical individual of Plaintiff's age, education and past work experience who can perform light work:

> except [ ] she can never climb ladders, ropes, or scaffolds; and can only occasionally climb ramps or stairs. [In addition, the individual] can frequently balance, stoop, crouch, kneel, [and] crawl

(Tr. 43). The VE testified that such an individual could perform work as a counter attendant; information clerk; and general office clerk (Tr. 43).

The ALJ next asked the VE to assume that – due to medical conditions and associated pain – the individual could not engage in sustained work activity on a regular and continuing basis for eight hours a day, five days a week (Tr. 43). The VE testified that such an individual would be precluded from work (Tr. 43).

Plaintiff's attorney then asked the VE to assume that: (1) the individual needed to nap or lie down at unpredicted times outside of typical breaks and lunch periods; and (2) this individual's concentration was affected such that roughly 20 percent of the time she was off task. The VE testified that such an individual would be precluded from work (Tr. 44-45).

### D. Plaintiff's Claims of Error

### 1. Plaintiff's Credibility

Plaintiff's overarching argument is that the ALJ erred by failing to give specific reasons for his determination that Plaintiff's statements were not entirely credible.[2]

The Sixth Circuit has discussed the analytical framework for evaluating subjective complaints of pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Duncan v. Sec'y of HHS,* 801 F.2d 847, 853 (6th Cir. 1986); s*ee* 20 C.F.R. 1529(b). Once an underlying impairment that could reasonably be expected to produce Plaintiff's symptoms has been shown, the ALJ must then evaluate the intensity, persistence, and limiting effects of Plaintiff's symptoms to determine the extent to which they limit her ability to perform basic work activities. 20 C.F.R. §§ 404.1529(c), 416.929(c). This determination requires the ALJ to assess the credibility of Plaintiff's statements about her symptoms and their functional effects, i.e., the degree to which those statements can be believed and accepted as true. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4); SSR 96-7p, 1996 WL 374186 at *2, 4.

In assessing the credibility of Plaintiff's statements, an ALJ is required to consider all the evidence in the record, including enumerated factors in the agency regulations. *See* 20 C.F.R. § 404.1529(c). If the ALJ rejects Plaintiff's testimony because of an adverse credibility finding, the

---

[2] Plaintiff also argues that the ALJ did not properly consider treating source opinions, but does not substantiate this argument. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to. . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Further, there is minimal, if any, relevant medical opinion evidence offered in the record; the ALJ noted precisely that in his decision, after affording "significant weight" to the opinion of state agency disability examiner, Debra McGrew (Dkt. No. 6-2 at 23-25). Accordingly, Plaintiff's argument here is waived.

reasons for that finding must be clearly stated. *Felisky v. Bowen*, 35 F.3d 1027,1036; *see also* 20 CFR § 404.1529; SSR 96-7p.

First, the ALJ found that Plaintiff had medically determinable impairments (Tr. 22). The ALJ then found that the objectively established medical condition – Plaintiff's degenerative disc disease – was of such a severity that it could reasonably be expected to produce the alleged disabling pain (Tr. 22).

In his evaluation of Plaintiff's subjective complaints of pain, however, the ALJ did not find fully credible Plaintiff's statements concerning the intensity, persistence and limiting effects of her condition (Tr. 22). The ALJ noted inconsistencies between Plaintiff's pain complaints and evidence in the record: Plaintiff's alleged degenerative disc disease symptoms, although likely genuine prior to Plaintiff's surgery, were inconsistent with medical records reporting Plaintiff's improvement following her December 2009 surgery (Tr. 22-24); and, Plaintiff took pain narcotics as prescribed by her doctor, but failed to follow through with the recommended physical therapy (Tr. 23). The ALJ also noted various portions of the medical evidence which indicated that the results of Plaintiff's medical tests were largely normal (Tr. 22-24).

Further, the ALJ clearly stated the way in which Plaintiff's reported daily activities[3] factored into his assessment of Plaintiff's credibility:

> In short, [Plaintiff] has described daily activities which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. While none of these activities, considered alone, would warrant or direct a finding of "not disabled", when considered in combination, they strongly

---

[3] After a comprehensive examination of the record – including forms completed in connection with the appeal, medical records, and the claimant's testimony – the ALJ found that Plaintiff's daily activities encompassed the following: living independently and caring for two minor children without any special help; caring for her own personal hygiene and grooming; undertaking light housekeeping chores such as meal preparation, cleaning and laundry; shopping in stores; driving a car; handling her own finances; caring for household pets; reading; working puzzles; watching television; and visiting with neighbors (Tr. 23).

-8-

>   suggest that the claimant would be capable of performing the work activities inherent in the residual functional capacity established herein

(Tr. 23).

The ALJ clearly stated reasons for his credibility determination, and those reasons were supported by substantial evidence in the record. The Court thus defers to the ALJ's evaluation of Plaintiff's credibility. *See Myers v. Richardson*, 471 F.2d 1265, 1266-67 (6th Cir. 1972).

### 2.    VE's Testimony and Hypothetical Posed

Plaintiff next argues that, because the ALJ's hypothetical did not cover all of Plaintiff's relevant impairments, the ALJ erred by relying on the VE's testimony as substantial evidence. *See* 20 C.F.R. § 1520 (b)-(f). Because this Magistrate Judge finds the ALJ properly analyzed Plaintiff's credibility, her argument that the hypothetical to the VE was flawed should also be overruled.[4]  A*lso see McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

## IV.    CONCLUSION

Because substantial evidence supports the Administrative Law Judge's ("ALJ") decision, **IT IS RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, Defendant's motion for summary judgment be **GRANTED**, and the case be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report

---

[4] Defendant notes this overlap as well (Dkt. No. 12 at 9).

and Recommendation. *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon  
Mark A. Randon  
United States Magistrate Judge

Dated:   May 21, 2013

## Certificate of Service

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, May 21, 2013, by electronic and/or ordinary mail.

*s/Eddrey Butts*  
*Acting Case Manager for Magistrate Judge Randon*

-10-